BY THE COURT.
1. The bond recites a judgment of the Common Pleas, and the declaration is upon the bond. It is not necessary to show the consideration of a bond in declaring upon it. It imports a consideration. The first objection, therefore, fails.
The 3d, 4th and 5th objections resolve themselves into one, and we will consider them as one. The real question is, does it appear that an execution issued upon the judgment rendered in the Supreme Court, in the case appealed, before suit was brought on th.e appeal bond? The averment, though not very formal, is, that execution issued and was returned milla bona. A party is only bound to set forth in substance what is essential to his title. This general alle *226 gation ia to the advantage of the defendant, because he may-traverse, and have an opportunity of scrutinizing the whole matter embraced in it. The averment, that an execution issued, is in substance an averment that it duly issued, which embraces the Supreme Court mandate, kind of execution, and everything necessary to constitute a legal writ.
2. As to the time, in the second objection. It is necessary to attain to certainty to a common intent, as to the material facts. When the judgment on which suit is brought was entered, is a material fact. May term, without tbe year, is too uncertain. It may have been before the date of the appeal bond, or after this suit was brought. This objection is well taken, on special demurrer.
The plaintiff asked, and had leave to amend, on payment of costs.